**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WENDELL LEONARD CRUSE,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-1123**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**COLUMBUS, OHIO POLICE DEPT,** ***et al.*****,**

**Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Wendell Leonard Cruse, an Ohio inmate who is proceeding without the assistance of counsel, sues the Columbus, Ohio Police Department and several of its employees, the Franklin County Sheriff's Office and several of its employees, and several employees of the Tri-County Regional Jail for multiple incidents related to his arrest and subsequent detention. On June 6, 2026, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis*, but noted that Plaintiff's Complaint contains misjoined claims that advance unrelated allegations against several Defendants based on unrelated events that occurred at different times. The undersigned therefore ordered Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 20 within fourteen days. (ECF No. 23.) Plaintiff responded by filing a motion to amend his Complaint to assert only his unreasonable seizure claims against the Columbus Police Department and Franklin County Sheriff's Office and their employees arising out of the September 19, 2025 arrest. (ECF No. 24.) For good cause shown, Plaintiff's Motion to Amend is **GRANTED**. Plaintiff's claims against Tri-County Regional Jail employees arising out

of their alleged harassment and use of force on October 16–17, 2025, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in a separate action.

The Court now turns to the initial screen of the remaining portion of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons below, it is **RECOMMENDED** that Plaintiff **MAY PROCEED** on his individual-capacity Fourth Amendment unreasonable seizure claims against Defendants Columbus, Ohio Police Department John Doe 1; Columbus, Ohio Police Department John Doe 2; and Franklin County Sheriff Jane Doe 1; however, it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that on September 19, 2025, at approximately 1:30am, he was a passenger in a vehicle that was stopped by two Columbus Police officers, identified in Plaintiff's Complaint as John Doe 1 and John Doe 2. John Doe 1 asked Plaintiff to exit the vehicle because the driver was being detained for driving without a valid license. After running Plaintiff's name and social security number, John Does 1 and 2 arrested Plaintiff on outstanding warrant in Grove City. Plaintiff protested, stating that the Grove City case had recently been resolved and the outstanding warrant may have appeared in error. Nevertheless, John Does 1 and 2 transported Plaintiff to the Franklin County Jail. During transport, John Does 1 and 2 discovered that Plaintiff may also have an outstanding warrant in Union County. (Compl. ¶¶ 8–13, ECF No. 1-3.)

Upon arrival at the Franklin County Jail, John Does 1 and 2 were informed by Deputy Sheriff Jane Doe 1 that there was no Grove City warrant for Plaintiff's arrest, and that Franklin County could not book Plaintiff into its jail on a Union County warrant. Thus, John Does 1 and 2 would have to transport Plaintiff to Union County. (*Id.* ¶ 14.)

John Does 1 and 2 placed Plaintiff back in their police cruiser for approximately 30 minutes, during which time Plaintiff observed them having a heated conversation on their cell phones. (*Id.* ¶¶ 15–16.) John Doe 1 then told Plaintiff, "well, it looks like Grove City wants you after all" and "whether [Grove City has a warrant for Plaintiff's arrest] or whether they don't does matter to me, your black ass is getting out of my cruiser and being booked into this jail." (*Id*. ¶ 16.) Plaintiff was then booked into the Franklin County Jail. (*Id.* ¶ 17.) Later that morning, at approximately 10:30am, Plaintiff was informed that he was being released. Plaintiff was then transported by a Union County Sheriff's Deputy to Union County's Tri-County Regional Jail. Plaintiff was never taken to Grove City or required to face any charges from Grove City. (*Id.*¶ 18.)

Plaintiff alleges that Defendants conspired to create a fictitious warrant from Grove City in order to hold and book Plaintiff into the Franklin County Jail illegally. Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action"

is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

The undersigned construes Plaintiff's Complaint to allege Fourth Amendment claims against the Columbus Police Department, the Franklin County Sheriff's Office, and several of their employees, arising out of the alleged unreasonable seizure of Plaintiff on September 19, 2025. Plaintiff **MAY PROCEED** on his individual-capacity claims against certain of the individual officers (Columbus, Ohio Police Department John Doe 1; Columbus, Ohio Police Department John Doe 2; and Franklin County Sheriff Jane Doe 1); however, Plaintiff's remaining claims must be dismissed.

First, to the extent that Plaintiff asserts claims against the City of Columbus, Franklin County, or any of their departments, those claims fail. "[A] local government may not be sued

under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)). Here, Plaintiff makes no allegations whatsoever that his allegedly illegal arrest and detention was undertaken pursuant to a City or County policy or custom. Thus, to the extent that Plaintiff sues the City of Columbus, Franklin County, or any of their departments, those claims must be dismissed.

Similarly, any claims against City or County employees in their official capacity must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against the relevant entities (the City of Columbus or

Franklin County). Thus, to the extent that Plaintiff sues any City or County employees in their official capacity, those claims must be dismissed.

Moreover, although Plaintiff lists "Cols OH Police Officer John Doe 3" and "Franklin County Sheriff John Doe 5" as Defendants in the caption of his Complaint (ECF No. 1-3, PAGEID #16), Plaintiff's Complaint lacks any allegations mentioning these individuals. Plaintiff therefore fails to state a claim against these Defendants "that is plausible on its face" as required by *Iqbal*. Thus, any claims against these individuals must be dismissed.

The undersigned does not recommend dismissal of Plaintiff's individual-capacity Fourth Amendment unreasonable seizure claims against Columbus, Ohio Police Department John Doe 1; Columbus, Ohio Police Department John Doe 2; and Franklin County Sheriff Jane Doe 1. That said, for Plaintiff's claims against these officers to proceed, Plaintiff must determine the true identities of the officers and amend his Complaint to name them. To permit Plaintiff to determine the identities of the officers, Plaintiff may submit to the Court a completed Form AO 88B, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, directed to each of the Columbus, Ohio Police Department and the Franklin County Sheriff's Office, that seeks information sufficient to determine the identities of the officers who effected Plaintiff's arrest and detention at the Franklin County Jail on September 19, 2025.

## IV. DISPOSITION

For these reasons, Plaintiff's Motion to Amend (ECF No. 9) is **GRANTED**. Plaintiff's claims against Tri-County Regional Jail employees arising out of their alleged harassment and use of force on October 16–17, 2025, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in a separate action. Moreover, Plaintiff's Motion to Stay

criminal proceedings against him in Union County (ECF No. 3) is **DENIED** as Plaintiff's claims concerning his Union County detention and proceedings have now been severed.

Plaintiff **MAY PROCEED** on his individual-capacity Fourth Amendment unreasonable seizure claims against Defendants Columbus, Ohio Police Department John Doe 1; Columbus, Ohio Police Department John Doe 2; and Franklin County Sheriff Jane Doe 1. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim on which relief can be granted.

The Clerk is **DIRECTED** to enclose two copies of Form AO 88B and two copies of Form USM-285 with this Order and Report and Recommendation. Plaintiff is **ORDERED** to file a completed Form AO 88B directed to each of the Columbus, Ohio Police Department and the Franklin County Sheriff's Office, seeking information sufficient to determine the identities of the officers who effected Plaintiff's September 19, 2025 arrest and detention at the Franklin County Jail, **WITHIN THIRTY DAYS** of the date of this Order. If Plaintiff wishes to have the United States Marshal effect service of the subpoenas, Plaintiff is **DIRECTED** to also file a completed Form USM-285, Process Receipt and Return, for each entity along with the completed Forms AO 88B. Upon Plaintiff's filing of completed Forms AO 88B, the Clerk is **DIRECTED** to issue the subpoenas. If Plaintiff has also filed completed Forms USM-285, the United States Marshal is **DIRECTED** to serve by certified mail upon the Columbus, Ohio Police Department and the Franklin County Sheriff's Office the issued subpoena and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE